**Barbara QUAGLIA, Appellant**

v.

**COMMISSIONER OF SOCIAL SECURITY**

No. 02–1126.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) July 22, 2002.

Filed July 23, 2002.

Before SLOVITER, NYGAARD, and BARRY, Circuit Judges.

*OPINION OF THE COURT*

SLOVITER, Circuit Judge.

The Appellant, Barbara Quaglia, appeals from the decision of the District Court affirming the final decision of the Commissioner of Social Security denying Quaglia's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. We will affirm.

## I. Facts and Procedural History

Barbara Quaglia applied for DIB and SSI on March 22, 1995, claiming disability as a result of injuries from a series of car accidents beginning in March 1992. She complained of back and neck problems and stated that, as a result, she was in a great deal of pain.[1]

Because we are writing a not for publication opinion for the benefit of the parties, we do not recite a full summary of Quaglia's extensive medical history with which the parties are familiar. Quaglia's application for benefits was denied on June 15, 1995. Her request for reconsideration was denied on July 17, 1995. She requested and was granted a hearing on July 12, 1996 before an Administrative Law Judge (ALJ). The ALJ denied her application, finding that although Quaglia was not able to return to her previous work, she was able to perform sedentary and light work and was therefore not disabled under the Social Security Act. The Appeals Council denied Quaglia's request for review of the ALJ's decision, finding no grounds for review. Quaglia then filed suit with the United States District Court for the District of New Jersey seeking judicial review of the decision. The District Court affirmed the ALJ's decision, concluding that the ALJ had properly considered Quaglia's subjective complaints of pain and that the decision was supported by substantial evidence.

## II. Discussion

Quaglia claims that her denial of benefits was not supported by substantial evidence as the decision did not consider Quaglia's subjective complaints of pain as required by 20 C.F.R. § 404.1529 (2002) and omitted probative contradictory evidence in violation of the requirements set forth in *Cotter v. Harris*, 642 F.2d 700 (3d Cir.1981).

To receive disability benefits, a claimant must demonstrate that s/he is unable "to

---

1. Quaglia had previously applied for disability benefits in September 1994 for the same back problems. Transcript (Tr.) at 63–69. That application was denied in November 1994, Tr. at 70–75, and Quaglia does not appear to have appealed that decision.

engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (2002). A claimant must show that the impairment is of such severity that the claimant is unable to "engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Although our review of the District Court's decision is plenary, this court's review of the Commissioner's decision is limited to deciding whether the decision is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(a)(3); *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir.2001). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (citations omitted).

Pursuant to 20 C.F.R. §§ 404.1520, 416.920, a five-step evaluation process is used to determine whether a person is eligible for disability benefits. The Commissioner considers: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a "severe impairment" limiting his or her ability to perform basic work activities; (3) if so, whether the impairment meets criteria of listed impairments under the regulations, 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if not, whether the claimant has the residual functional capacity to perform his or her past relevant work; and (5) if not, whether there is other work in the national economy that the claimant can perform. *Sykes v. Apfel*, 228 F.3d 259, 262–63 (3d Cir.2000). The claimant bears the burden of proof for

steps one, two, and four; and the Commissioner bears the burden of proof for the last step. *Id.*

Under 20 C.F.R. §§ 404.1529 and 416.929, the Commissioner will consider all "symptoms, including pain," in the disability determination. Statements of pain alone are not enough to establish a disability; the claimant must also present objective medical evidence to show that the medical impairment "could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a). Once the Commissioner has determined from the "medical signs or laboratory findings" that the claimant has an impairment which could reasonably produce the pain, then the Commissioner must determine how the pain limits the claimant's capacity for work. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1).

In determining the limits on the claimant's capacity for work, the Commissioner will consider evidence from the treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§ 404.1529(c), 416.929(c). The Commissioner will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4).

In the present case, the ALJ found that Quaglia had not engaged in substantial gainful activity since June 3, 1994, that her injuries did not meet the level of severity of the listed impairments under the regulations, that she was unable to resume her past relevant work as a machine operator due to the lifting requirements, but that she could perform light or sedentary work.

Based on her age, education and past work experience, the ALJ found that Quaglia was not disabled and thus was not eligible to collect SSI and DIB benefits.

■ After our own thorough review of the record, we agree with the District Court that the ALJ's decision was supported by substantial evidence. The ALJ did not deny that Quaglia had symptoms of pain and was unable to return to her previous relevant work as a machine operator but, "[a]fter careful consideration of the entire record," he found that Quaglia's "subjective complaints regarding her degree of pain are not wholly credible to the extent they would prevent sedentary and light work ... [b]ased upon the essentially negative objective findings on several examinations and her acknowledged activities of daily living." App. at 69. The ALJ considered Quaglia's symptoms of pain in conjunction with the objective medical evidence to diminish her capacity for work, as required by 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). He correctly noted that her treatment had been conservative and that she had never attended a pain clinic nor needed surgery. He also pointed to Quaglia's own admission in a Disability Report that she was able to drive a car when necessary, cook, clean and grocery shop with the help of a friend, and do simple odd jobs. Thus, we conclude that the ALJ properly evaluated Quaglia's subjective complaints of pain in light of the objective medical evidence.

■ Quaglia argues that the ALJ failed to consider all of the probative evidence, specifically, that he did not explain why he rejected evidence favorable to her case. In *Cotter v. Harris*, 642 F.2d 700 (3d Cir. 1981), we explained that "we need from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Id.* at 705. Quaglia contends that the ALJ ignored evidence favorable to her case such as her epidural blocks, physical therapy, medication, chiropractic treatments, and the report of Dr. Mylod. Br. of Appellant at 14. However, the ALJ's detailed decision adequately addressed this evidence and explained his rejection of that evidence in favor of evidence he found more credible.

■ The ALJ did not give controlling weight to the statements from Quaglia's treating chiropractor and was not required to under *Hartranft v. Apfel,* 181 F.3d 358 (3d Cir.1999), where we held that a chiropractor's opinion is "not 'an acceptable medical source' entitled to controlling weight." *Id.* at 361 (quoting 20 C.F.R. § 416.913). The ALJ gave credit to Quaglia's other treating physicians, including Dr. DelValle, who diagnosed a new onset of cervical radiculitis of post traumatic origin but found no motor, sensory, or reflex defects, Dr. Pelman whose report was "essentially negative," App. at 66, and Dr. Lomazow whose report said that Quaglia's injuries were "permanent, significant and severe" but who had not had the opportunity to review her MRI (Magnetic Resonance Imaging). App. at 66. Although Dr. Mylod testified that Quaglia's pain was "significant," the ALJ did not err in placing emphasis on Dr. Mylod's testimony that Quaglia's condition was not "abnormal" and that the 1992 MRI gave a false positive result. App. at 68. We conclude that the ALJ provided sufficient analysis of the evidence to meet the *Cotter* standard.

**III. Conclusion**

We conclude that the ALJ's decision to deny benefits is supported by substantial evidence. We will affirm the order of the District Court.